UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Bethany L. Griffin, and<br>Kelsey Perez (f/k/a Kelsey<br>Wittkopp) Next Friend for<br>Aliliana Donley, a minor,<br><br>        Plaintiffs,<br><br>v.<br><br>Steven R. Hohmann and<br>Hirschbach Motor Lines, Inc.<br>(d/b/a and/or a/k/a Platinum Supply<br>Chain Solutions, jointly and severally,<br><br>        Defendants. | Federal Case No.<br>Hon.<br><br>State Court Case No. 22-004187-NI<br>Hon. Kenneth S. Hoopes |

_____

| NOLAN & SHAFER, PLC | FOSTER SWIFT COLLINS & SMITH PC |
|---|---|
| David P. Shafer (P53497) | DIRK H. BECKWITH (P35609) |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 40 Concord Avenue | 28411 Northwestern Hwy., Ste. 500 |
| Muskegon, MI 49442 | Southfield, MI 48034 |
| (231) 722-2444 | (248) 539-9918 |
| dpshafer@wemakeitright.com | dbeckwith@fosterswift.com |

_____

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, Hirschbach Motor Lines, Inc. and Steven Hohmann (jointly referred to as "Defendants"), hereby remove this action from the 14th Circuit Court (Muskegon County), State of Michigan, where it is currently pending, to the United States District Court for the Western District of Michigan, Southern Division.

In support of their Notice of Removal, Defendants state:

**PROCEDURAL STATUS OF THE CASE**

1. On or about September 8, 2022, Bethany L. Griffin, and Kelsey Perez, as Next Friend for Aliliana Donley ("Plaintiffs") commenced this action by filing a Complaint in the 14th Circuit Court, Muskegon County, Michigan. The lawsuit was assigned case number 22-004187-NI .

2. The 14th Circuit Court, Muskegon County, Michigan, issued its summons on September 8, 2022.

3. In Plaintiffs' Complaint, a copy of which is attached as **Exhibit A**, Plaintiffs allege Bethany Griffin and Aliliana Donley sustained serious personal injuries on September 10, 2019, when a tractor-trailer driven by Steven Hohmann and owned by Hirschbach Motor Lines, Inc. struck the vehicle occupied by the Plaintiffs. (Plaintiffs' Complaint ¶¶ 9 - 14) As a result of the motor vehicle accident, Bethany Griffin and Aliliana Donley were allegedly seriously injured. (Plaintiffs' Complaint ¶¶ 19 and 41)

4. The amount in controversy, exclusive of interest and costs, is in excess of $75,000.00. According to Plaintiffs' Complaint, Defendants' negligence was the proximate cause of severe, progressive and permanent injuries to the Plaintiffs including, but not limited to the following:

<u>Bethany Griffin</u>

a. Concussion and/or traumatic brain injury which caused a serious neurological injury (memory loss, anxiety, panic attacks, sleep disturbances, nightmares, fear of being in a car, depression, and other symptoms);

b. Post-traumatic stress disorder ("PTSD");

c. Lacerated forehead and scalp resulting in plastic surgeon performing complex repair of large laceration;

d. Lacerated nose;

e. Multiple fractures of right distal tibia and fibula, with the fractured tibia being compound, resulting in open reduction internal fixation soon after the accident;

f. Non-union of the multiple fractures of the right distal tibia and fibula resulting in a second surgery in February of 2020 to remove right tibial nail, replace the right tibial nail, "takedown" of right fibular non- union, and open reduction internal fixation of right fibular fracture along with bone grafting of the non- union of the right fibular fractures;

g. Scarring due to the compound nature of the tibial fracture and scarring of the right ankle/leg/knee due to surgical procedures described above;

h. Fractures of right ribs: 10 (displaced), 11, and 12;

i. Small lacerations of her lower extremities caused by the accident;

j. Intravenous antibiotics during the three (3) day in- patient stay from September 10 - 12, 2019, due to open nature of right tibial fracture;

k. Counseling to address problems related to PTSD;

l.      Right knee pain;

m.     Serious impairment of body function;

n.      Permanent serious disfigurement;

o.      Potential loss of earnings, earning capacity, and wage loss in excess of the no-fault statutory maximum, past and future;

p.      Excess replacement services, in excess of those provided or the responsibility of Bethany Griffin's first- party no-fault provider;

q.      Fright and shock, past and future;

r.      Pain and suffering, past and future;

s.      Mental anguish, past and future;

t.      Embarrassment, mortification, and humiliation, past and future;

u.      Any and all damages allowable under the laws of the State of Michigan;

v.      Any and all other injuries and damages related to this motor vehicle versus tractor-trailer crash, which may be discovered during the course of the litigation of this matter.

<u>Aliliana Donley</u>

a.      Traumatic brain injury resulting in loss of consciousness and subsequent finding in the hospital, immediately after the accident, of an intraparenchymal hemorrhage with swelling of the brain, which may have resulted in a serious neurological injury;

b.      Large laceration of forehead which was repaired by plastic surgeon on the day of the crash with sedation;

c.      Laceration of lower lip;

d.      Bleeding from the nares;

e. Fractured right clavicle with placement of right upper extremity in a sling/immobilizer;

f. Right chest contusion and right pneumothorax/right subpleural shear injury;

g. Tachypnea at the scene;

h. Provided with intravenous fluids and pain medication, forehead wounds dressed, and stabilized at Mercy Health Hackley Campus and then transported by ambulance to Helen DeVos Children's Hospital for repair of forehead laceration and follow-up care, including in-patient care;

i. Fractured transverse process of C7 with neck placed in brace/immobilizer;

j. Serious impairment of body function;

k. Permanent serious disfigurement;

l. Potential loss of earnings, earning capacity, and wage loss in excess of the no-fault statutory maximum, past and future;

m. Potential excess replacement services, in excess of those provided or the responsibility of Aliliana Donley's first-party no-fault provider;

n. Fright and shock, past and future;
o. Pain and suffering, past and future;

p. Mental anguish, past and future;

q. Embarrassment, mortification, and humiliation, past and future;

r. Any and all damages allowable under the laws of the State of Michigan;

  s. Any and all other injuries and damages related to this motor vehicle versus tractor-trailer crash, which may be discovered during the course of the litigation of this matter.

(Plaintiffs' Complaint ¶ 38) "While [a defendant] need not show 'to a legal certainty that the amount in controversy met the federal requirement,' [he] must do more 'than show [ ] a mere possibility that the jurisdictional amount is satisfied.'" *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

## PROPRIETY OF REMOVAL

5. Defendants were served with the Summons and Complaint on September 19, 2022.

6. This Notice of Removal is timely because it is filed within 30 days after Defendants' receipt of a paper (in this case Plaintiffs' Complaint) from which Defendants could ascertain that this case is one which is removable based upon the parties' diversity of citizenship and the requisite amount in controversy.

7. This matter is properly removable under 28 U.S.C. § 1441(b).

8. This Court has original jurisdiction of this action pursuant to 28 USC § 1332.

9. Bethany Griffin a citizen and resident of Muskegon, Michigan (Plaintiffs' Complaint, ¶ 1). Kelsey Perez (f/k/a Kelsey Wittkopp, Next Friend for

Aliliana Donley is a resident of Genesee County, Michigan. Kelsey Perez is the mother of Aliliana Donley, and has been appointed Next Friend for her minor child by the Muskegon County Circuit Court (Plaintiffs' Complaint, 2 -3).

10. Hirschbach Motor Lines, Inc. is a foreign corporation. (Plaintiffs' Complaint, ¶5) Hirschbach Motor Lines, Inc. is incorporated in the State of Iowa with its principal place of business located in Dubuque, Iowa. (Affidavit of Brian Kohlwes, **Exhibit B**). Steven Hohmann is a citizen and resident of Dubuque, Iowa. (Plaintiffs' Complaint, ¶4) (Affidavit of Steven Hohmann, **Exhibit C**)  Hence, Plaintiffs are citizens of the state of Michigan and Defendants are citizens of a foreign state.  Therefore, there is diversity of citizenship.

11. "Where there is more than one defendant, the 'rule of unanimity requires that in order for a notice of removal to be proper before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal; or file a written consent to the removal.' " *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999), cert. denied, 528 U.S. 1076, 120 S. Ct. 790, 145 L. Ed. 2d 667 (2000)); *see also Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 975 (S.D. Ohio 2003)." In this case, Hirschbach Motor Lines, Inc. and Steven Hohmann both join in the removal.

12. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached hereto as **Exhibit A** copies of all process, pleadings and orders served upon Defendants in this matter.

13. Pursuant to 28 U.S.C. § 1446(a) and (d), Defendants will file a copy of this Notice of Removal with the 14th Circuit Court, Muskegon County, Michigan; will provide prompt notice to all parties; and will file a proof of service of all notices and filings with the Clerk of the United States District Court for the Western District of Michigan.

14. This action is removable to this Court pursuant to U.S.C. §§ 1441 and 1446 because it is within this Court's diversity jurisdiction.

**REQUEST FOR HEARING AND JURISDICTIONAL DISCOVERY**

15. If Plaintiffs contest this removal, Defendants request:

    A. A hearing regarding this Court's jurisdiction over, and the propriety of removal of, this matter.

    B. The opportunity to present evidence demonstrating the existence of diversity jurisdiction and the propriety of removal; and

    C. Leave to conduct limited discovery related to those issues.

WHEREFORE, Defendants remove the above captioned action from the 14th Circuit Court, Muskegon County, Michigan, to the United States District Court for the Western District of Michigan.

>FOSTER SWIFT COLLINS & SMITH PC
>
>By: /s/ *Dirk H. Beckwith*
>Dirk H. Beckwith (P35609)
>Attorneys for Defendants
>28411 Northwestern Highway, Ste. 500
>Southfield, MI 48034
>248.539.9918

Dated:  October 6, 2022

## CERTIFICATE OF SERVICE

The undersigned certifies that on **October 6, 2022**, a copy of the foregoing was served upon the following:

>David P. Shafer (P53497)           Clerk - Civil Division
>NOLAN & SHAFER, PLC                Muskegon County Circuit Court
>40 Concord Avenue                  990 Terrace St.
>Muskegon, MI 49442                 Muskegon, MI 49442

by depositing same in the United States Mail with postage fully prepaid thereon.

I declare under penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

>/S/ *Leah Preston*
>LEAH PRESTON