EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

BETHANY L. GRIFFIN, and
KELSEY PEREZ (f/k/a KELSEY
WITTKOPP) Next Friend for
ALILIANA DONLEY, a minor,

      Plaintiffs

Hon. <u>KENNETH S. HOOPES</u>

File No. <u>2022-004187-NI</u>

v

STEVEN R. HOHMANN and
HIRSCHBACH MOTOR LINES, INC.
(d/b/a and/or a/k/a PLATINUM SUPPLY
CHAIN SOLUTIONS), jointly and severally,

      Defendants.

_____/

DAVID P. SHAFER (P-53497)
Nolan & Shafer, PLC
Attorney for Plaintiffs
40 Concord Avenue
Muskegon, MI 49442
231.722.2444

_____/

Civil actions between these parties or other parties arising out of
the transaction or occurrence alleged in this complaint have been
previously filed in this court, where they were given case numbers
20-003495-NF and 20-003497-NF, and were both assigned to
Hon. Annette R. Smedley.  Case No. 20-003497-NF remains
pending and Case No. 20-003495-NF is no longer pending.

_____

DAVID P. SHAFER  (P-53497)

### PLAINTIFFS' COMPLAINT AND JURY DEMAND

Plaintiff, BETHANY L. GRIFFIN, and Plaintiff, KELSEY PEREZ (f/k/a KELSEY

WITTKOPP), Next Friend for ALILIANA DONLEY, a minor, by and through their

attorneys, Nolan & Shafer, PLC, hereby complain against Defendant, STEVEN R.

HOHMANN, and Defendant, HIRSCHBACH MOTOR LINES, INC. (d/b/a and a/k/a PLATINUM SUPPLY CHAIN SOLUTIONS), by stating as follows:

## **GENERAL ALLEGATIONS**

1.    Plaintiff, BETHANY L. GRIFFIN ("Plaintiff-Griffin"), is a resident of the County of Muskegon, State of Michigan.

2.    Plaintiff, KELSEY PEREZ (f/k/a KELSEY WITTKOPP), Next Friend for ALILIANA DONLEY ("Plaintiff-Perez"), a minor, is a resident of the County of Genesee, State of Michigan.

3.    Plaintiff, KELSEY PEREZ (f/k/a KELSEY WITTKOPP) is the mother of ALILIANA DONLEY, and has been appointed Next Friend for her minor child by the Muskegon County Circuit Court.

4.    Defendant, STEVEN R. HOHMANN ("Defendant-driver"), is a resident of the County of Dubuque, State of Iowa.

5.    Defendant, HIRSCHBACH MOTOR LINES, INC. (d/b/a and/or a/k/a PLATINUM SUPPLY CHAIN SOLUTIONS) ("Defendant-Hirschbach"), is a foreign corporation, organized and existing under the laws of the State of Iowa and/or State of Nebraska, and conducts business throughout the United States, including the State of Michigan.

6.    The tractor-trailer versus motor vehicle crash giving rise to this complaint occurred in the County of Muskegon, State of Michigan.

7.    This court has proper jurisdiction over all of the listed parties, and the amount in controversy exceeds the sum of Twenty-Five Thousand Dollars and No/100ths ($25,000.00), exclusive of costs and interest.

## COUNT I – <u>MOTOR VEHICLE NEGLIGENCE</u>

8.      Plaintiffs hereby incorporate, by reference, allegations 1 through 7, as if fully set forth herein.

9.      On or about Tuesday, September 10, 2019, Plaintiff-Griffin was operating her motor vehicle eastbound on M-120 where it turns into Business US-31 at its intersection with Moses J. Jones Parkway/Business US-31.

10.     Plaintiff-Perez's minor child, Aliliana Donley, was a rear seat passenger in Plaintiff-Griffin's motor vehicle at the time that Plaintiff-Griffin was traveling at the location referenced in paragraph 9, above.

11.     Defendant-driver was traveling westbound or southwesterly on Moses J. Jones Parkway/Business US-31 at the same time that Plaintiff-Griffin and Plaintiff-Perez's minor child, Aliliana Donley, were traveling through the intersection of eastbound M-120/Business US-31 and westbound Moses J. Jones Parkway/Business US-31.

12.     Defendant-driver failed to stop for the red traffic signal that required Defendant-driver to stop his tractor-trailer before entering the intersection described in paragraph 11, above.

13.     Defendant-driver chose to look at his GPS and/or chose not to look at the traffic signal controlling traffic in the direction and lane in which Defendant-driver was operating his tractor-trailer.

14.     As a result of failing to stop for the red traffic signal, Defendant-driver crashed into the modestly-sized motor vehicle that Plaintiff-Griffin was operating and in which Aliliana Donley was a rear seat passenger.

15.     Plaintiff-Griffin was proceeding through the intersection in which the crash took place as she, and traffic traveling in the same direction, had a green traffic signal.

16.     Defendant-driver failed to stop his tractor-trailer for the red traffic signal;
entered into the intersection illegally; failed to maintain a proper look-out; failed to keep
his eyes on the road and traffic signal versus looking at his GPS and/or was otherwise
not paying attention; failed to stop his tractor-trailer prior to entering the intersection;
and otherwise was operating his tractor-trailer in a negligent fashion, and caused the
head-on crash between his tractor-trailer and the motor vehicle being operated by
Plaintiff-Griffin.

17.     At the aforementioned time and place Defendant-driver was under a duty
to operate his tractor-trailer with due care and circumspection, to obey the rules of
common law, statutes of the State of Michigan, and any applicable local ordinances.

18.     Notwithstanding these duties, Defendant-driver was then and there guilty
of certain acts of negligence and carelessness, which include, but are not limited to:

    a.    Negligently, carelessly, and/or recklessly failing to
operate his tractor-trailer at a careful and prudent rate
of speed, not greater than nor less than is reasonable
and proper having due regard for any and all
conditions then and there existing, in violation of
common law, statutes of the State of Michigan, rules
set forth by the U.S. Department of Transportation
("DOT")/Federal Motor Carrier Safety Administration
("FMCSA") and any applicable local ordinances;

    b.    Failing to have the equipment of the tractor-trailer in
proper working condition, in violation of the statutes of
the State of Michigan, common law, rules set forth by
the DOT/FMCSA and applicable local ordinances, or,
in the alternative, failing to utilize the equipment with
which the tractor-trailer was equipped so as to be able
to control the movement of the same;

    c.    Operating the tractor-trailer when Defendant-driver
was unfamiliar with the area, lost, fatigued, confused,
and/or otherwise inattentive;

d.     Operating the tractor trailer while Defendant-driver was looking at his GPS and not properly looking at the road and traffic signals ahead so that he would be aware of the same;

e.     Operating the tractor-trailer carelessly and/or recklessly, with disregard for the rights and safety of others, more specifically both Plaintiff-Griffin and Plaintiff-Perez's minor child, and further, driving without due care, caution and circumspection and at a speed and in a manner so as to endanger, or be likely to endanger, persons in violation of the statutes of the State of Michigan, common law, rules set forth by the DOT/FMCSA and/or any applicable local ordinances;

f.     Failing to maintain the tractor-trailer so that both would be under Defendant-driver's control at all relevant times;

g.     Failing to bring his tractor-trailer to a stop before reaching the intersection that he was approaching when he was driving toward a red traffic signal, and then entering into the intersection notwithstanding the fact that the red traffic signal indicated that Defendant-driver should stop his tractor-trailer;

h.     Driving his tractor-trailer at a high and/or unreasonable rate of speed, greater than would permit it/them to be operated safely given the weather conditions, visibility, road conditions, traffic conditions, road configuration issues that could affect sight-distance and any and all other conditions then and there existing in violation of the statutes of the State of Michigan, common law, rules set forth by the DOT/FMCSA and/or applicable local ordinances;

i.     Failing to abide by road signage, road markings, and/or traffic control devices/signs;

j.     Failing to pay attention and drive at a speed that would be careful and prudent given that Defendant-driver was unfamiliar with the roads and area;

k.     Failing to abide by the rules and regulations set forth by the DOT/FMCSA and State of Michigan's laws and regulations regarding the proper operation of commercial vehicles;

l.     Failing to operate his tractor-trailer pursuant to the
       requirements of state and federal law;

m.     Committing such other acts of negligence as may be
       determined through the course of the litigation of this
       matter;

19.    As a direct and proximate result of Defendant-driver's aforementioned acts

of negligence, carelessness, and/or recklessness, Plaintiff-Griffin and Plaintiff-Perez's

minor child sustained severe, progressive, and permanent injuries, which will be more

specifically described below.

## COUNT II – **RESPONDEAT SUPERIOR**

20.    Plaintiffs hereby incorporate, by reference, allegations 1 – 19, as if fully set

forth herein.

21.    At the time of the motor vehicle versus tractor-trailer crash described in

the instant complaint Defendant-driver was in the course and/or scope of his

employment with Defendant-Hirschbach.

22.    If not in the course and/or scope of his employment, Defendant-driver was

an agent of Defendant-Hirschbach, the principal.

23.    Upon information and belief Defendant-Hirschbach was hired by Family

Dollar Trucking, Inc. (n/k/a Family Dollar Services, LLC, and f/k/a Family Dollar

Services, Inc.) ("Family Dollar"), or a broker of Family Dollar, to deliver products to

Family Dollar stores in the State of Michigan.

24.    Upon information and belief the trailer that Defendant-driver was hauling

at the time of the subject accident was owned by Family Dollar.

25.    Defendant-Hirschbach is vicariously liable for the negligent, careless

and/or reckless acts of Defendant-driver, pursuant to the doctrine of respondeat

superior.

26.    As a direct and proximate result of Defendant-driver's and Defendant-Hirschbach's aforementioned acts of negligence, carelessness, and/or recklessness—active, passive, statutory, and/or vicarious in nature—Plaintiff-Griffin and Plaintiff-Perez's minor child sustained severe, progressive, and permanent injuries, which will be more specifically described below.

## COUNT III – **OWNERSHIP LIABILITY**

27.    Plaintiffs hereby incorporate, by reference, allegations 1 – 26, as if fully set forth herein.

28.    At the time of the crash that is the subject of this complaint Defendant-Hirschbach was the titled and/or registered owner, or, in the alternative, the lessor of the tractor being operated by Defendant-driver.

29.    At the time of the crash that is the subject of this complaint Defendant-driver had the express and/or implied permission of Defendant-Hirschbach to operate its tractor and its customers trailer.

30.    Defendant-Hirschbach, pursuant to the Michigan Ownership Liability Statute, is responsible for the negligent, careless, and/or reckless acts and/or of Defendant-driver, the permissive user of Defendant-Hirschbach's vehicle. MCL 257.401.

31.    As a direct and proximate result of Defendant-driver's and Defendant-Hirschbach's aforementioned acts of negligence, carelessness, and/or recklessness—active, passive, statutory, and/or vicarious in nature—Plaintiff-Griffin and Plaintiff-Perez's minor child sustained severe, progressive, and permanent injuries, which will be more specifically described below.

## COUNT IV – <u>NEGLIGENT HIRING, SUPERVISION AND ENTRUSTMENT</u>

32.     Plaintiffs hereby incorporate, by reference, allegations 1 – 31, as if fully set forth herein.

33.     Defendant-Hirschbach was the employer/principal of Defendant-driver, its employee/agent.

34.     Defendant-driver relied on Defendant-Hirschbach to provide him with job assignments at the time of the crash complained of in the instant complaint.

35.     Defendant-Hirschbach had a duty to hire, supervise, train and retain its agents and/or employees in a reasonably prudent fashion.

36.     Defendant-Hirschbach knew or should have known of Defendant-driver's limitations before hiring and/or allowing Defendant-driver to operate the tractor-trailer on behalf of Defendant-Hirschbach.

37.     Defendant-Hirschbach knew or should have known of Defendant-driver's limitations before the crash complained of in the instant complaint and should have fired and/or ceased allowing Defendant-driver to be employed or serve as its agent before the crash complained of in this complaint.

38.     Defendant-Hirschbach was negligent in its hiring, supervision, training, and/or retention of Defendant-driver as its employee/agent in one or more of the following ways.

      a.    Failing to ensure that Defendant-driver possessed the necessary skill and safety acumen to safely and prudently operate a tractor-trailer;

      b.    Failing to provide proper safety training to Defendant-driver;

      c.    Failing to properly investigate Defendant-driver's past driving history and experience prior to hiring him and/or failing to monitor the same after hiring him;

    d.    Failing to provide regular and systematic training and instruction regarding the safe operation of a commercial vehicle to Defendant-driver;

    e.    Failing to provide Defendant-driver with proper directions and instructions regarding the delivery to the Dollar General store to which he was traveling at the time of the accident;

    f.    Providing consent and authority to Defendant-driver to operate its commercial vehicles;

    g.    Providing authority to operate its commercial vehicles when it knew or should have known that Defendant-driver was an imprudent operator of commercial vehicles;

    h.    Any other acts or omissions that may be discovered during the course of the litigation of this case.

39.    Defendant-Hirschbach's negligent hiring, supervision, training and/or retention of Defendant-driver, its agent/employee, and/or entrustment of the tractor that Defendant-driver was operating at the time of the crash complained of in this complaint, was a direct and proximate cause of the severe, progressive, and/or permanent injuries sustained by Plaintiff-Griffin and Plaintiff-Perez's minor child.

## **DAMAGES**

40.    Plaintiffs hereby incorporate, by reference, allegations 1 – 39, as if fully set forth herein.

41.    As a direct and proximate result of Defendant-driver's and Defendant-Hirschbach's aforementioned acts of negligence, Plaintiffs are making claims for injuries and damages that Bethany Griffin and Aliliana Donley both sustained, which are severe, progressive, and permanent injuries and include but are not limited to:

<u>Bethany Griffin</u>

a. Concussion and/or traumatic brain injury which caused a serious neurological injury (memory loss, anxiety, panic attacks, sleep disturbances, nightmares, fear of being in a car, depression, and other symptoms);

b. Post-traumatic stress disorder ("PTSD");

c. Lacerated forehead and scalp resulting in plastic surgeon performing complex repair of large laceration;

d. Lacerated nose;

e. Multiple fractures of right distal tibia and fibula, with the fractured tibia being compound, resulting in open reduction internal fixation soon after the accident;

f. Non-union of the multiple fractures of the right distal tibia and fibula resulting in a second surgery in February of 2020 to remove right tibial nail, replace the right tibial nail, "takedown" of right fibular non-union, and open reduction internal fixation of right fibular fracture along with bone grafting of the non-union of the right fibular fractures;

g. Scarring due to the compound nature of the tibial fracture and scarring of the right ankle/leg/knee due to surgical procedures described above;

h. Fractures of right ribs:  10 (displaced), 11, and 12;

i. Small lacerations of her lower extremities caused by the accident;

j. Intravenous antibiotics during the three (3) day in-patient stay from September 10 – 12, 2019, due to open nature of right tibial fracture;

k. Counseling to address problems related to PTSD;

l. Right knee pain;

m. Serious impairment of body function;

n. Permanent serious disfigurement;

o.   Potential loss of earnings, earning capacity, and wage loss in excess of the no-fault statutory maximum, past and future;

p.   Excess replacement services, in excess of those provided or the responsibility of Bethany Griffin's first-party no-fault provider;

q.   Fright and shock, past and future;

r.   Pain and suffering, past and future;

s.   Mental anguish, past and future;

t.   Embarrassment, mortification, and humiliation, past and future;

u.   Any and all damages allowable under the laws of the State of Michigan;

v.   Any and all other injuries and damages related to this motor vehicle versus tractor-trailer crash, which may be discovered during the course of the litigation of this matter.

<ins>Aliliana Donley</ins>

a.   Traumatic brain injury resulting in loss of consciousness and subsequent finding in the hospital, immediately after the accident, of an intraparenchymal hemorrhage with swelling of the brain, which may have resulted in a serious neurological injury;

b.   Large laceration of forehead which was repaired by plastic surgeon on the day of the crash with sedation;

c.   Laceration of lower lip;

d.   Bleeding from the nares;

e.   Fractured right clavicle with placement of right upper extremity in a sling/immobilizer;

f.   Right chest contusion and right pneumothorax/right subpleural shear injury;

g.   Tachypnea at the scene;

h.      Provided with intravenous fluids and pain medication, forehead wounds dressed, and stabilized at Mercy Health Hackley Campus and then transported by ambulance to Helen DeVos Children's Hospital for repair of forehead laceration and follow-up care, including in-patient care;

i.      Fractured transverse process of C7 with neck placed in brace/immobilizer;

j.      Serious impairment of body function;

k.      Permanent serious disfigurement;

l.      *Potential* loss of earnings, earning capacity, and wage loss in excess of the no-fault statutory maximum, past and future;

m.      Potential excess replacement services, in excess of those provided or the responsibility of Aliliana Donley's first-party no-fault provider;

n.      Fright and shock, past and future;

o.      Pain and suffering, past and future;

p.      Mental anguish, past and future;

q.      Embarrassment, mortification, and humiliation, past and future;

r.      Any and all damages allowable under the laws of the State of Michigan;

s.      Any and all other injuries and damages related to this motor vehicle versus tractor-trailer crash, which may be discovered during the course of the litigation of this matter.

42.      None of the alleged negligent, careless, and/or reckless acts of omission and/or commission by Defendant-driver and/or Defendant-Hirschbach were intentional within the meaning of MCL 500.3135(3)(a).

THEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgments in their favor and against Defendants, in an amount in excess of Twenty-Five

Thousand Dollars and No/100ths ($25,000.00), to which each is found to be otherwise
entitled, together with costs and interest.

NOLAN & SHAFER, PLC

DAVID P. SHAFER (P-53497)
Attorney for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444

Dated: September 8, 2022

## DEMAND FOR TRIAL BY JURY

Plaintiffs, BETHANY GRIFFIN and KELSEY PEREZ, Next Friend for ALILIANA

DONLEY, a minor, by and through their attorneys, Nolan & Shafer, PLC, hereby demand a trial

by jury in the above-entitled cause.

NOLAN & SHAFER, PLC

DAVID P. SHAFER (P-53497)
Attorney for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444

Dated: September 8, 2022

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 14th | **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | 2022- | -NI |

**Court address**
990 Terrace St., Muskegon, MI 49442

**Court telephone no.**
231.724.6251

| Plaintiff's name(s), address(es), and telephone no(s).<br>Bethany L. Griffin, and Kelsey Perez (f/k/a Kelsey Wittkopp) Next Friend for Aliliana Donley, a minor | v | Defendant's name(s), address(es), and telephone no(s).<br><br>HIRSCHBACH MOTOR LINES, INC<br>(d/b/a and/or a/k/a Platinum Supply Chain Solutions)<br><br>Registered Agent:<br>Brian Kohlwes |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>DAVID P. SHAFER (P-53497)<br>Nolan & Shafer, PLC<br>40 Concord Ave.<br>Muskegon, MI 49442<br>(231) 722-2444 | | Hirschbach Motor Lines, Inc.<br>2460 Kerper Blvd.<br>Dubuque, IA 52001<br><br>563.583.1997 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☑ Muskegon County Circuit Court _____ Court, where

it was given case number 20-003497NF/20-003495NF and assigned to Judge Annette Smedley _____.

The action ☑ remains ☑ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| | | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (9/19)  **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS |
|---|

| PROOF OF SERVICE | Case No. 2022-      -NI |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |
|---|

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
     List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
     Date

My commission expires: _____ Signature: _____
     Date      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of the summons and complaint, together with _____
     Attachments

_____ on _____
     Day, date, time

_____ on behalf of _____ .
Signature

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| **STATE OF MICHIGAN** | | **SUMMONS** | | **CASE NO.** |
|---|---|---|---|---|
| 14th | **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | | 2022- | -NI |

| **Court address**<br>990 Terrace St., Muskegon, MI 49442 | **Court telephone no.**<br>231.724.6251 |
|---|---|

| Plaintiff's name(s), address(es), and telephone no(s).<br>Bethany L. Griffin, and Kelsey Perez (f/k/a Kelsey Wittkopp) Next Friend for Aliliana Donley, a minor | v | Defendant's name(s), address(es), and telephone no(s).<br>STEVEN R. HOHMANN<br><br>19474 Mud Lake Rd.<br>Dubuque, IA 52001 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>DAVID P. SHAFER (P-53497)<br>Nolan & Shafer, PLC<br>40 Concord Ave.<br>Muskegon, MI 49442<br>(231) 722-2444 | | 563.552.6337 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☑ Muskegon County Circuit Court _____ Court, where

it was given case number 20-003497NF/20-003495NF and assigned to Judge Annette Smedley _____ .

The action ☑ remains ☑ is no longer  pending.

Summons section completed by court clerk.   | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| | | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (9/19)  **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2 105

| SUMMONS | |
|---|---|
| Case No. 2022- | -NI |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

BETHANY L. GRIFFIN, and
KELSEY PEREZ (f/k/a KELSEY
WITTKOPP) Next Friend for
ALILIANA DONLEY, a minor,

    Plaintiffs

v

STEVEN R. HOHMANN and
HIRSCHBACH MOTOR LINES, INC.
(d/b/a and/or a/k/a PLATINUM SUPPLY
CHAIN SOLUTIONS), jointly and severally,

    Defendants.

Hon. _____

File No. _____

_____/

DAVID P. SHAFER (P-53497)
Nolan & Shafer, PLC
Attorney for Plaintiffs
40 Concord Avenue
Muskegon, MI 49442
231.722.2444

_____/

## PETITION FOR APPOINTMENT OF NEXT FRIEND

Nolan & Shafer, PLC, the attorneys for KELSEY PEREZ (f/k/a KELSEY WITTKOPP)

Next Friend for ALILIANA DONELY, a minor, (Aliliana Donely is the daughter of Kelsey Perez),

who does not currently have a conservator, and desires to commence an action in this court

against STEVEN R. HOHMANN and HIRSCHBACH MOTOR LINES, INC. (d/b/a and/or a/k/a

PLATINUM SUPPLY CHAIN SOLUTIONS) for damages, and moves that Kelsey Perez be

appointed as Next Friend for the purpose of commencing and prosecuting said action.

NOLAN & SHAFER, PLC

DAVID P. SHAFER P-53497
Attorneys for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444

Dated: September 8, 2022

Page 1 of 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

BETHANY L. GRIFFIN, and
KELSEY PEREZ (f/k/a KELSEY
WITTKOPP) Next Friend for
ALILIANA DONLEY, a minor,

      Plaintiffs

Hon. _____

File No. _____

v

STEVEN R. HOHMANN and
HIRSCHBACH MOTOR LINES, INC.
(d/b/a and/or a/k/a PLATINUM SUPPLY
CHAIN SOLUTIONS), jointly and severally,

      Defendants.

_____/

DAVID P. SHAFER (P-53497)
Nolan & Shafer, PLC
Attorney for Plaintiffs
40 Concord Avenue
Muskegon, MI 49442
231.722.2444

_____/

## CONSENT

    I, Kelsey Perez, hereby consent to be appointed as Next Friend of Aliliana J.

Donely, a minor, for the purpose of commencing and prosecuting the above-entitled

cause of action on behalf of said minor.

Dated: 9/8/2022

_____
Kelsey Perez

Sworn and subscribed to this the
8 day of September, 2022

_____
Notary Public
County of Muskegon
State of Michigan
My Comm. expires: 2/25/2023

**Page 1 of 1**